F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 7 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02907-BNB

BRITT ALLEN COX,

    Plaintiff,

v.

LAKEWOOD POLICE DEPARTMENT,
CITY OF LAKEWOOD,
DETECTIVE CHRIS LANGELY,
WEST METRO DRUG TASK FORCE,
DETECTIVE GARY VALASCO,
JEFFERSON COUNTYS SHERIFF'S OFFICE,
DEPUTY BOHM, and
CARL RAYMONDE,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Britt Allen Cox, currently is detained at the Jefferson County Detention Facility in Golden, Colorado. Mr. Cox, acting *pro se*, initiated this action on November 30, 2010, by submitted to the Court a Prisoner Complaint pursuant 42 U.S.C. §§ 1983 and 1985 and 28 U.S.C. § 1343.[1] In the Complaint, Mr. Cox asserts claims challenging his pending Colorado criminal case. Mr. Cox seeks money damages and dismissal of all charges in Case No. 09cr02211 and in any case relating to Case No. 09cr02211.

---

[1] Mr. Cox also asserts jurisdiction pursuant to 18 U.S.C. §§ 241 and 242. There is no private cause of action under either § 241 or § 242. See *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (private citizens cannot compel enforcement of criminal law); see also *Newcomb v. Ingle*, 827 F.2d 675, 676 n.1 (10th Cir. 1987) (noting that § 241 does not authorize a private cause of action). A plaintiff cannot recover civil damages for an alleged violation of a criminal statute. *Shaw v. Neece*, 727 F.2d 947, 949 (10th Cir. 1984); see also *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). The assertion of jurisdiction under 18 U.S.C. §§ 241 and 242 is legally frivolous.

The Court must construe the Complaint liberally because Mr. Cox is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Mr. Cox asserts that Defendants conspired to violate his Fourth, Fifth, Sixth, and Fourteenth Amendment rights when they denied his right to counsel during interrogations regarding his pending charges. (Compl. at 5.)

Mr. Cox may not challenge the validity of his conviction in this action for money damages pursuant to 42 U.S.C. § 1983. See *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (describing a claim for damages in a suit for malicious prosecution barred under *Heck*); *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that, if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Heck*, 512 U.S. at 486-87. Although the U.S. Supreme Court did not explicitly decide in *Wallace* whether Fourth or Fourteenth Amendment claims exist after the institution of legal process, which is the situation in Mr. Cox's case because he had been charged, the Tenth Circuit has held a due process claim for malicious prosecution accrues "at the earliest, when favorable termination occurs." See *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008)

A judgment in favor of Mr. Cox in this action necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated the proceedings. Mr. Cox does not allege an invalidation of his state criminal proceeding nor is there an indication in the Complaint that he was granted one. Furthermore, this action is subject to dismissal for failure to state a claim. *See Hafed v. Fed. Bureau of Prisons, et al.*, --- F.3d ---, 2010 WL 5300829 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007).

If Mr. Cox is attempting to seek habeas corpus relief for wrongful imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that dismissal is pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED at Denver, Colorado, this __7th__ day of ___January___, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02907-BNB

Britt Allen Cox
Prisoner No. 166270
Jefferson County Detention Facility
PO Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on January 7, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk