IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02907-ZLW

BRITT ALLEN COX,

    Plaintiff,

v.

LAKEWOOD POLICE DEPARTMENT,
CITY OF LAKEWOOD,
DETECTIVE CHRIS LANGELY,
WEST METRO DRUG TASK FORCE,
DETECTIVE GARY VALASCO,
JEFFERSON COUNTY SHERIFF'S OFFICE,
DEPUTY BOHM, and
CARL RAYMONDE,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 21 2011

GREGORY C. LANGHAM
                  CLERK

---

ORDER DENYING MOTION FOR RECONSIDERATION

---

This matter before the Court is the 'Motion to Amend Complaint/ Reconsideration" that Plaintiff, Britt Allen Cox, a *pro se* prisoner litigant, filed on January 14, 2011. Mr. Cox seeks reconsideration of the Order entered on January 7, 2011, dismissing the instant action. The Court must construe the Motion liberally because Mr. Cox is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 59(e) and will deny the Motion.

The Court dismissed the action without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). A litigant subject to an adverse judgment, and who

seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." ***Van Skiver v. United States***, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. **See** Fed. R. Civ. P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. ***Van Cauwenberghe v. Biard***, 486 U.S. 517, 521-22 (1988); ***In re Durability, Inc.***, 893 F.2d 264, 265 (10th Cir. 1990). The Motion was filed on January 14, 2011, well within twenty-eight days of the final judgment in this action. **See** Fed. R. Civ. P. 6(a). The Court, therefore, will construe the Motion as filed pursuant to Rule 59(e). **See *Van Skiver***, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See *Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law. ***Id.*** (citing ***Van Skiver***, 952 F.2d at 1243). In the Motion for Reconsideration, Mr. Cox asserts that he requested unrealistic relief in his Complaint and asserted claims challenging his pending criminal charges. Mr. Cox asks to amend the Complaint so that he may "change the nature of the case" and raise claims that

pertain to the conditions of his confinement while he was detained at the Jefferson County Jail.

Upon consideration of the Motion for Reconsideration and the entire file, the Court concludes that Mr. Cox fails to demonstrate some reason why the Court should alter or amend the January 7 Order of Dismissal in this action. If Mr. Cox desires to challenge issues other than what he raised in this action he should pursue those claims by filing a new civil action. Accordingly, it is

ORDERED that Mr. Cox's Motion to Amend Complaint/Reconsideration (Doc. No. 17) is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.

DATED at Denver, Colorado, this __21st__ day of ___January___, 2011.

BY THE COURT:


__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02907-BNB

Britt Allen Cox
Prisoner No. 166270
Jefferson County Detention Facility
PO Box 16700
Golden, CO 80402

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 21, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk